**KELLEY W. LAVERY, Esq. (#03849-2005)**
**Levinson Axelrod, P.A.**
124 NJ 31
Flemington, NJ 08822
T: (908) 782-6766
F: (908) 782-6325
klavery@njlawyers.com
*Attorneys for Plaintiff Lashonda Burnett*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LASHONDA BURNETT,** | |
| Plaintiff, | Civil Action No. |
| v. | |
| **PETER MANCICNI, U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, JOHN DOES 1-10 & ABC CORPORATIONS 1-10,** | **Civil Action** |
| | **COMPLAINT and JURY DEMAND** |
| Defendants. | |

Plaintiff, **LASHONDA BURNETT**, residing at 1 Adams Avenue, Apt. 308, in the Municipality of Morris Plains, County of Morris and State of New Jersey says that:

**FIRST COUNT**

1. On or about March 11, 2025, the plaintiff, **LASHONDA BURNETT**, was a driver of an automobile, which was travelling Westbound on Rt. 3 in the Municipality of Clifton, County of Passaic and State of New Jersey.

2. At the time and place aforesaid, the defendant, **PETER MANCICNI,** was the driver of an automobile owned by the **UNITED STATES OF AMERICA**, which was traveling Westbound on Rt. 3 in the Municipality of Clifton, County of Passaic and State of New Jersey.

3. At the time and place aforesaid, the defendant, **PETER MANCICNI**, was negligent and careless in the operation, maintenance, and/or control of their vehicle so as to strike and collide with the vehicle being operated by the plaintiff, **LASHONDA BURNETT**.

4. As a direct and proximate result of the negligence of defendant, **PETER MANCICNI**, in the operation, control, maintenance and/or supervision of said motor vehicle, a collision occurred and the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to lose time from her employment and will, in the future, be caused to lose time from her employment; she was caused to incur medical expenses and will, in the future be caused to incur medical expenses; she has been and will be in the future be disabled and prevented from attending to her necessary affairs and business.

**WHEREFORE**, the plaintiff, **LASHONDA BURNETT**, demands judgment against the defendant, **PETER MANCICNI,** for damages, interest and costs of suit.

**SECOND COUNT**

1. Plaintiff, **LASHONDA BURNETT**, repeats and realleges the allegations of the First Count of the Complaint as if more fully set forth at length herein.

2. At the time and place aforesaid, the defendant, **U.S. DEPARTMENT OF JUSTICE/FEDERAL BUREAU OF INVESTIGATION**, was the owner of a motor vehicle, who negligently entrusted their motor vehicle to defendant, **PETER MANCICNI**.

3. As a direct and proximate result of the negligence of defendant, **U.S. DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF INVESTIGATION**, in the ownership, entrustment, operation, control, maintenance and/or supervision of said motor vehicle, a collision occurred and the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to lose time from her employment and will, in the future, be caused to lose time from her employment; she was caused to incur medical expenses and will, in the future be caused to incur medical expenses; she has been and will be in the future be disabled and prevented from attending to her necessary affairs and business.

**WHEREFORE**, the plaintiff, **LASHONDA BURNETT**, demands judgment against the defendant, **DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF INVESTIGATION** for damages, interest and costs of suit.

**THIRD COUNT**

1. Plaintiff, **LASHONDA BURNETT**, repeats and realleges the allegations of the First and Second Counts of the Complaint as if more fully set forth at length herein.

2. At all times relevant, defendant, **PETER MANCICNI** was an employee of defendant, **DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF INVESTIGATION.**

3. At all times pertinent, On August 17, 2024, defendant, **PETER MANCICNI** was acting within the scope of his employment with defendant, **DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF INVESTIGATION.**

4. .As result of the negligence on the part of the defendant, **PETER MANCICNI**, defendant, **DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF INVESTIGATION** is vicariously liable for the conduct of its employee.

5. As a direct and proximate result of the negligence of defendants **PETER MANCICNI**, and/or, **DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF INVESTIGATION**, the plaintiff, **LASHONDA BURNETT**, was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to lose time from her employment and will, in the future, be caused to lose time from her employment; she was caused to incur medical expenses and will, in the future be caused to incur medical expenses; she has been and will be in the future be disabled and prevented from attending to her necessary affairs and business.

**WHEREFORE,** the plaintiff, **LASHONDA BURNETT**, demands judgment against the defendants **PETER MANCICNI**, and/or, **DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF INVESTIGATION**, individually, jointly and severally and in the alternative for damages, interest and costs of suit.

**FOURTH COUNT**

1. Plaintiff, **LASHONDA BURNETT**, repeats and realleges the allegations of the First Second and Third Counts of the Complaint as if more fully set forth at length herein.

2. At the time and place aforesaid **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, negligently and/or carelessly operated, owned, maintained, controlled and/or supervised said motor vehicle and as a direct result of said negligence, caused the collision at issue herein.

3. As a direct and proximate result of the negligence of the defendant, **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, the plaintiff, **LASHONDA BURNETT**, was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to lose time from her employment and will, in the future, be caused to lose time from her employment; she was caused to incur medical expenses and will, in the future be caused to incur medical expenses; she has been and will be in the future be disabled and prevented from attending to her necessary affairs and business.

**WHEREFORE,** the plaintiff, **LASHONDA BURNETT**, demands judgment against the defendants, **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, individually, jointly and severally and in the alternative for damages, interest and costs of suit.

**FIFTH COUNT**

1. Plaintiff, **LASHONDA BURNETT**, repeats and realleges the allegations of the First, Second, Third and Fourth Counts of the Complaint as if more fully set forth at length herein.

2. The plaintiff herein alleges that there was a breach of *N.J.S.A.* 39:4-1, *et seq*. and other regulations and that constitutes a statutory tort.

**WHEREFORE,** the plaintiff, **LASHONDA BURNETT**, demands judgment against the defendants, **PETER MANCICNI, DEPARTMENT OF JUSTICE/ FEDERAL BUREAU OF**

**INVESTIGATION, JOHN DOES 1-10 & ABC CORPORATIONS 1-10**, jointly, severally, or in the alternative for damages, interest and costs of suit.

**JURY DEMAND**

Plaintiff puts all parties on notice of a demand for trial by jury as to all issues.

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff hereby designates KELLEY W. LAVERY, Esq. as trial counsel in the above captioned litigation pursuant to *Rule* 4:25-4.

**VERBAL THRESHOLD CERTIFICATION**

Annexed hereto this Complaint is a Certification pursuant to the Automobile Cost Reduction Act of 1998. Said threshold is satisfied by service of the Certification pursuant to *N.J.S.A.* 39:6A-8(a).

**CERTIFICATION**

The undersigned hereby certifies that this matter is not the subject matter of any other suit, pending or contemplated, in any other court or arbitration proceeding.

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to *Rule* 4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

**NOTICE TO PRODUCE**

Pursuant to *Rule* 4:18-1, the plaintiff hereby demands that the defendants produce the following documentation within thirty-five (35) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and

the defendants are therefore required to continuously update its response thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declarations page.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, video, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question. Original digital media should be emailed (unedited, uncompressed in the original file format) to klavery@njlawyers.com.

4. Employment file for defendant **PETER MANCICNI** including application for employment, any and all performance reviews, any and all training regarding operation of a motor vehicle, and any and all statements or investigation regarding the subject crash.

5. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

6. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

7. Copies of any and all discovery received from any other parties to the action in question.

8. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B), I.S.O. ClaimSearch or from any other source.

9. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition of the plaintiff in this matter; whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

10. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

11. A list of all passengers in defendant’s vehicle, including names, relationship to defendant, address on March 11, 2025 and whether or not the individual is represented by counsel in this matter.

12. A list of the cell phone number used by defendant on March 11, 2025 as well as the carrier providing service for said line.

13. A corresponding list of all insurance policies covering the vehicles listed in response to NTP #13.

14. Any and all treaties, articles, medical journals, literature or other documents which defense intends to rely upon at the time of trial in defending the claim of damages.

## DEMAND FOR ANSWER TO INTERROGATORIES

Demand is hereby made on the defendant to answer fully and responsively Form C and Form C(1) Uniform Interrogatories, found in Appendix II as provided by *Rule* 4-17-1(b)(ii) and other applicable Rules of Court. Demand is hereby made that Defendant answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTEROGATORIES

1. On the date of this accident, where was your intended destination?
2. From what address did you leave prior to the accident?
3. On the day of the accident were you familiar with the route of travel that you were taking?
4. What is your Facebook, Twitter, and Instagram profile name?
5. What caused you to be unable to stop and collide with the plaintiff's vehicle?
6. Did you have any conversations with the plaintiff or any other driver or passenger involved in the accident at the accident scene?
7. Have you seen the police report, and if so, do you have any disagreement with the contents of the police report?
8. What if anything did plaintiff do to contribute to the happening of the accident?

Plaintiff is entitled to propounded up to ten (10) supplemental interrogatories per defendant pursuant to *Rule* 4:17-1(b)(1). Plaintiff explicitly reserves his right to ask additional supplemental interrogatory questions after service of defendant's answers, pursuant to *Rule* 4:17-2.

**NOTICE REGARDING DEFENSE MEDICAL EXAMINATIONS**

Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of any defense examinations. The plaintiff is not obligated under any Court Rule to bring any records, diagnostic films or other items to defense medical examinations. Therefore, any such request will be ignored.

Defendants are specifically put on notice that if any defense medical examiner requires such information, it should be provided to the doctor by defense counsel and not by the plaintiff. Additionally, the plaintiff will not be providing the defense medical examiner with any information other than to provide a valid photo identification for the purpose of verifying their identity. The plaintiff will not be filling out any paperwork at the time of the examination. Any paperwork required by the examiner should be completed by the defense counselor requesting the defense medical examination prior to the happening of the examination. If the defense counsel requires information that is not in their possession to complete said paperwork, the proper discovery requests should be made to plaintiff through their counsel.

**LEVINSON AXELROD, P.A.**
Attorneys for the Plaintiff, Lashonda Burnett

KELLEY W. LAVERY, Esq.

Dated: October 7, 2026